UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EZEKIEL LUEDER,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | No. CV 06-5474-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on September 5, 2006, seeking review of the Commissioner's denial of his application for Child's Insurance Benefits--Survivor Claim. The parties filed Consents to proceed before the undersigned Magistrate Judge on October 10, 2006, and October 11, 2006. Pursuant to the Court's Order, the parties filed a Joint Stipulation on August 2, 2007, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 1, 2007.

## II.

## **BACKGROUND**

Plaintiff was born on April 6, 1983. [Administrative Record ("AR") at 62, 65.] He has a high school education[2] [AR at 94, 106-40, 205, 306], and has attended approximately two years of college.[3] [AR at 160-61, 307.] He has no vocationally relevant past work experience. [AR at 42, 46, 156.]

On January 23, 2004, plaintiff filed his application for Child's Insurance Benefits--Survivor Claim, alleging that he has been disabled since September 15, 1988,[4] due to a speech impairment, a learning disorder, droopy eye and vision problems. [AR at 41-42, 55, 271.] After a denial of his application,[5] plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 60.] The hearing was held on June 9, 2005, at which time plaintiff appeared without counsel and testified on his own behalf. [AR at 301-20.] Plaintiff's mother, Yoneko Lueder and his sister, Ginko Lueder testified on plaintiff's behalf. [AR at 314-16]. A vocational expert also testified. [AR at 316-18.] On August 8, 2005, the ALJ determined that plaintiff was not disabled. [AR at 41-47.]

/
/
/

---

[2] Plaintiff attended J.W. North High School in Riverside, California, and participated in the Special Education Program. [AR at 94, 106-40, 271.] He graduated in June, 2001. [AR at 205, 271, 298.]

[3] Plaintiff's records indicate that he attended Riverside Community College for about one year and plaintiff testified that he has been attending El Camino College for one year. [AR at 160-61, 307.]

[4] Although the ALJ's decision dated August 8, 2005, indicates that plaintiff was disabled on October 24, 2001, plaintiff claims that his disability began in 1988. [AR at 62, 271.] The Court notes that plaintiff's father passed away on October 24, 2001 [AR at 62], which apparently is when plaintiff became eligible to receive benefits. 20 C.F.R. § 404.350.

[5] Plaintiff also apparently filed an application for Supplemental Security Income, which was denied. [AR at 11, 55.]

2

Plaintiff, through counsel, filed a request with the Appeals Council for review of the ALJ's decision. [AR at 18.] On June 1, 2006, the Appeals Council denied plaintiff's request for review.[6] [AR at 10-13.] However, on July 28, 2006, the Appeals Council "set[...] aside [their] earlier action to consider additional information." [AR at 5-8.] After consideration of the additional information, the Appeals Council denied plaintiff's request for review again and advised plaintiff that the ALJ's decision would stand as the final decision of the Commissioner. [AR at 5-8.]

### III.
### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

/
/

---

[6] The Appeals Council noted that the ALJ's decision did not discuss plaintiff's application for Supplemental Security Income, and found that the ALJ's determination that plaintiff was not disabled also pertained to plaintiff's claim for Supplemental Security Income. [AR at 11.] However, "[t]he Appeals Council [] found no basis for granting [plaintiff's] request for review with respect to either claim." [Id.]

## IV.

## **THE EVALUATION OF DISABILITY**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the

sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

### B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since he became disabled. [AR at 42, 46.] At step two, the ALJ concluded that plaintiff has "severe" impairments including bilateral upper eyelid ptosis and borderline intellectual functioning. [Id.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[7] to follow simple instructions with "a mild restriction of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace and no episodes of decompensation."[8] [AR at 44.] At step four, the ALJ concluded that plaintiff had no past relevant work. [AR at 42, 44, 46.] At step five, the ALJ found, using the Medical-Vocational Guidelines and the vocational expert's testimony, that there are a significant number of jobs that plaintiff is capable of performing. [AR at 44-46.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 45-46.][9]

/

/

---

[7]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[8]   The ALJ summarizes these findings in his decision as follows: "The claimant has the residual functional capacity to follow simple instructions with mild-to-moderate limitations in understanding and remembering tasks, sustaining concentration and persistence, socially interacting with the general public and adapting to workplace changes." [AR at 46.]

[9]   In determining Child's Insurance Benefits, the ALJ must also consider whether "the claimant is the child of the wage earner, is unmarried (unless one of the exceptions in 20 C.F.R. § 404.352(b)(2) applies), has established that he was dependent on the wage earner, and is under a disability that began prior to the claimant's attainment of age 22." [AR at 41]; see 20 C.F.R. § 404.350. Here, the ALJ determined that "[t]he claimant meets all of the nondisability requirements for Childhood Disability Benefits set forth in Section 202(d) of the Social Security Act (with exceptions noted in 20 C.F.R. § 404.352(b)(2))."

# V.

# **THE ALJ'S DECISION**

Plaintiff contends that the ALJ posed an incomplete hypothetical to the vocational expert. Specifically, plaintiff asserts that the ALJ did not present plaintiff's moderate limitations to the vocational expert and failed to include the limitation regarding plaintiff's need for a low stress job as assessed by the consultative examiner. Joint Stipulation ("Joint Stip.") at 4-11. As set forth below, the Court agrees with plaintiff and remands the matter for further proceedings.

An ALJ can pose hypothetical questions to the vocational expert to determine whether a claimant can engage in gainful employment. See Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001). "A vocational expert's testimony in a disability benefits proceeding 'is valuable only to the extent that it is supported by medical evidence.'" Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (citation omitted) (where claimant's allegations of disabling pain were supported by medical evidence, and the ALJ had no clear and convincing reasons to reject such claims, pain should have formed a part of the ALJ's question to the expert). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value. The most appropriate way to insure the validity of the hypothetical question posed to the vocational expert is to base it upon evidence appearing in the record, *whether it is disputed or not.*" Id. at 1456 (emphasis added). See also Nguyen v. Chater, 100 F.3d 1462, 1466 n.3 (9th Cir. 1996) ("Because the hypothetical was incomplete, it does not constitute competent evidence to support a finding that claimant could do the jobs set forth by the vocational expert."). Reference in a vocational hypothetical to simple jobs is insufficient to describe and accommodate concentration difficulties. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (citing Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996) ("holding that ALJ's finding on [Psychiatric Review Technique Form] that the claimant would often manifest deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner was not adequately presented when ALJ's hypothetical limited the claimant to simple jobs")). Hypothetical questions posed to a vocational expert must set forth all

of the limitations and restrictions of a particular claimant.  <u>Andrews</u>, 53 F.3d at 1043; <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988).

The ALJ concluded that plaintiff had "moderate difficulties in maintaining concentration, persistence or pace. . ." [AR at 44.]  In presenting the hypothetical to the vocational expert, the ALJ only presented mild limitations for sustained concentration and persistence.  The ALJ posed the following hypothetical to the vocational expert:

> For purpose of the claimant's potential entry level record, assume the claimant is 22 years old with a 12th grade education, could perform all physical work that would be mildly limited for understanding or memory tasks, sustained concentration, persistence, socially interacting with the general public and reacting with places changes due to borderline intellectual functioning and regressive mental limitations scale being slight to mild to moderate to marked.  What entry level work could the claimant, could perform and if so what would the numbers of those jobs be?

[AR at 317, 337.]  In response to the ALJ's hypothetical, the vocational expert "estimate[d] that at the entry level between sedentary and medium alone there would be about 2,900 jobs." [AR at 317, 337.]  The vocational expert listed several examples of the entry level jobs that plaintiff could perform. [AR at 317-18, 338.]  The ALJ then asked the vocational expert "[i]f you're marking them limited in the middle functions, can he perform those jobs?"[10] [AR at 338.]  The vocational expert responded, "[n]ot on a sustained basis on the competitive conditions." [<u>Id.</u>]

The ALJ adopted the vocational expert's response to the initial hypothetical in his decision dated August 8, 2005, which imposed only mild limitations for sustained concentration and persistence. [AR at 45, 317, 337.]  Based on the testimony of the vocational expert, the ALJ concluded "that considering the claimant's age, educational background, work experience, and residual functional capacity, he is capable of making a successful adjustment to work that exists in significant numbers in the national economy." [<u>Id.</u>]  Adopting the expert's response is

---

[10]  It is not clear to the Court what the ALJ means by "marking them limited in the middle functions."  The Court has considered the possibility that this is a typographical error (perhaps "markedly limited in mental functions"), but has determined that the phrase is irrelevant because the ALJ adopted the vocational expert's opinion regarding work that plaintiff could perform based on the mild limitations set forth in the ALJ's hypothetical. [AR at 45, 337.]

7

inconsistent with the ALJ's conclusion that plaintiff had moderate limitations in maintaining concentration, persistence or pace [AR at 44], a conclusion that the ALJ did not incorporate into the hypothetical he posed to the vocational expert. [AR at 317, 337.] The hypothetical question was thus incomplete as it did not accurately describe plaintiff's impairments so that the vocational expert could appropriately assess whether jobs exist that plaintiff can perform in light of the extent of his limitations. Nonetheless, the ALJ relied on the testimony of the vocational expert in determining that "[plaintiff] is capable of making a vocational adjustment to other work." [AR at 45.] The ALJ's failure to include plaintiff's moderate limitations in the hypothetical to the vocational expert warrants remand. Upon remand, the ALJ must ensure that the hypothetical accurately reflects the extent of plaintiff's limitations.

Plaintiff raises a second issue with regard to the adequacy of the vocational hypothetical. Plaintiff alleges that the "ALJ also failed to include the limitation assessed by the consultative examiner that [] Mr. Lueder would need a low stress job." Joint Stip. at 7.

On July 26, 2004, Dr. Nora Paculdo performed a psychiatric evaluation of plaintiff. She noted that the plaintiff "can deal with a less stressful work environment." [AR at 206.] Despite the ALJ's discussion of Dr. Paculdo's evaluation in his decision, the ALJ does not include any reference to Dr. Paculdo's opinion regarding plaintiff's ability to deal only with a "less stressful work environment." [AR at 41-46, 206.]

Defendant addresses this issue in a footnote in the Joint Stipulation. Joint Stip. at 8, fn. 1. Defendant notes that "the reviewing physician concluded that plaintiff was not significantly limited in several areas that would cause stress, such as the ability to adapt to changes in the work setting, travel in unfamiliar places and set goals." [Id.] While defendant's assertion is accurate concerning the reviewing physician's findings, it does not remedy the error made by the ALJ regarding Dr. Paculdo's findings. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons supported by substantial evidence in the record to reject the contradicted opinion of an examining physician. Lester, 81 F.3d at 830. The ALJ did not offer clear reasons supported by substantial evidence in the record for rejecting the

restriction of low stress jobs identified by Dr. Paculdo.[11] [AR at 43-44, 204-06.]  As such, defendant's *post hoc* attempt to justify the ALJ's apparent rejection of Dr. Paculdo's assessment regarding low stress jobs for plaintiff is not sufficient to cure the error.  See Vista Hill Foundation, Inc. v. Heckler, 767 F.2d 556, 559 (9th Cir. 1985) (a reviewing court may affirm an administrative decision only on grounds articulated by the agency);  Barbato v. Commissioner of Social Sec. Admin., 923 F. Supp. 1273, 1276 (C.D. Cal. 1996) (a court may remand if the decision of the ALJ as to a claimant's entitlement to benefits on its face does not adequately explain how a conclusion was reached, even if Social Security Administration can offer proper *post hoc* explanations for such unexplained conclusions).

As the ALJ failed to incorporate in the hypothetical the limitations found by Dr. Paculdo, and failed to give a specific and legitimate reason for rejecting Dr. Paculdo's opinion concerning plaintiff's ability to deal with a low stress work environment, remand is warranted on this issue.

## VI.
## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).  In this case, remand is appropriate for proper consideration of plaintiff's moderate limitations as well as Dr. Paculdo's opinion.  The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

/
/
/
/

---

[11]  Although the ALJ summarizes Dr. Paculdo's findings [AR at 43-44], the ALJ does not clearly indicate whether he is basing his decision on those findings.  The ALJ is directed upon remand to clarify whether he is adopting or rejecting Dr. Paculdo's assessment, in whole or in part.

1  Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: September __, 2007

                                              PAUL L. ABRAMS
                              UNITED STATES MAGISTRATE JUDGE